IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02655-BNB

MICHAEL GERARD KOPEC,
Applicant,

v.

ARI ZAVARS [sic], Exc. Dir. C.D.O.C.,
JOHN SUTHERS, Attorney General,
Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Michael Gerard Kopec, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Kopec filed *pro se* an application and an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court will construe the original and amended applications liberally because Mr. Kopec is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kopec will be ordered to file a second amended application.

The Court has reviewed the original and amended applications and finds that they are deficient. Mr. Kopec's claims must be asserted pursuant to 28 U.S.C. § 2254 rather than pursuant to 28 U.S.C. § 2241 because he is challenging the validity, not the execution, of his Colorado state court conviction and sentence. Therefore, Kopec will be directed to file a second amended application on the proper form for an application

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also should name the proper Respondent. The law is well-established that the only proper Respondent in a habeas corpus action is the habeas applicant's custodian. *See* 28 U.S.C. § 2243; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). *See also* Rule 2(b) of the Section 2254 Rules.

Mr. Kopec is reminded that he must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Section 2254 Rules requires that Mr. Kopec go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the second amended application he is being directed to file, Mr. Kopec may not, as he did in his amended application, make a general reference to the attachment to his original application in order to state his claims. Nor may he make a general reference to an attachment to the second amended application. Such general references leave to the Respondents and the Court the burden of determining which allegations are intended to support which asserted claim. The second amended application must stand on its own, without referring to the original or amended applications or any attachments to those applications. If Mr. Kopec opts to include an attachment to the second amended application, the attachment must indicate clearly which allegations support which claim. Accordingly, it is

2

ORDERED that Applicant, Michael Gerard Kopec, file **within thirty (30) days from the date of this order** a second amended application that names the proper Respondent and that complies with Fed. R. Civ. P. 8 for the reasons discussed in this order. It is

FURTHER ORDERED that Mr. Kopec's second amended application shall be titled, "Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kopec, together with a copy of this order, two copies of the following form to be used in filing the second amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Kopec fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action dismissed without further notice.

DATED December 19, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-2655-BNB

Michael Gerard Kopec
Prisoner No. 58335
Arrowhead Correctional Center
Unit A
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 12/19/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk