IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02655-BNB

MICHAEL KOPEC,

     Applicant,

v.

RON LEYBA, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 7 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Michael Kopec, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Arrowhead

Correctional Center in Cañon City, Colorado.  Mr. Kopec has filed *pro se* a second

amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging the validity of his conviction in Jefferson County, Colorado, district court

case number 01CR1856.  He has been granted leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.

On January 12, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to

file within twenty days a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On January 30, 2009, Respondents filed

their pre-answer response. Although given the opportunity to do so, Mr. Kopec did not submit a reply to the pre-answer response.

The Court must construe liberally the second amended application filed by Mr. Kopec because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the second amended application in part by dismissing the second of his two asserted claims.

Mr. Kopec was convicted in 2002 by a jury in Jefferson County District Court case number 01CR1856 on charges of second-degree assault on a peace officer, indecent exposure, and resisting arrest. He also was convicted on five habitual criminal counts, and was sentenced to twenty-four years in the DOC. The Colorado Court of Appeals affirmed on direct appeal. *See People v. Kopec*, No. 02CA2565 (Colo. Ct. App. Jan. 20, 2005) (unpublished) (*Kopec I*). On May 16, 2005, the Colorado Supreme Court denied certiorari review.

Mr. Kopec then filed various postconviction motions. On July 7, 2005, he filed a combined motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure and for correction of an illegal sentence pursuant to Colo. R. Crim. P. 35(a), which the trial court denied on September 1, 2005. On November 7, 2005, the trial court denied reconsideration of the combined motion. On October 11, 2005, Mr. Kopec filed a second Colo. R. Crim. P. 35(a) motion. The trial court does not appear to have ruled on the motion.

2

On October 18, 2005, he filed a Colo. R. Crim. P. 35(c) motion, which the trial court denied on November 4, 2005, by applying Colo. R. Crim. P. 35(a). Mr. Kopec then filed on March 16, 2006, an amended Colo. R. Crim. P. 35(c) motion, which the trial court summarily denied on July 17, 2006. Mr. Kopec appealed to the Colorado Court of Appeals, which on May 17, 2007, rejected his claims. *See People v. Kopec*, No. 06CA1541 (Colo. Ct. App. May 17, 2007) (unpublished) (*Kopec II*). On October 9, 2007, the Colorado Supreme Court denied certiorari review.

On March 28, 2006, Mr. Kopec filed a third Colo. R. Crim. P. 35(a) motion. The trial court does not appear to have ruled on the motion. On November 7, 2007, Mr. Kopec filed a fourth Colo. R. Crim. P. 35(a) motion, which on April 28, 2008, the trial court denied in part, granted in part, and issued an amended mittimus. Mr. Kopec appealed to the Colorado Court of Appeals, which affirmed summarily without an answer brief from the state. *See People v. Kopec*, No. 08CA1042 (Colo. Ct. App. Sept. 18, 2008) (unpublished) (*Kopec III*). Mr. Kopec did not petition for certiorari review.

Mr. Kopec initiated the action on December 8, 2008. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

Mr. Kopec asserts two claims. As his first claim, he asserts that he received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth amendments. Specifically, he asserts that his trial counsel was ineffective for failing to

3

raise and support an intoxication defense via psychiatric and/or toxicological evidence, including evidence of certain hospital records.  As his second claim, Mr. Kopec asserts that the trial court erred in sentencing him under the habitual criminal statute, Colo. Rev. Stat. § 18-1.3-801 to -804, when the second-degree assault conviction mandated a sentence under Colorado's crime-of-violence statute, Colo. Rev. Stat. § 18-1.3-406. He contends that his sentence violates both the state and federal constitutions.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459

4

U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court first will address Mr. Kopec's ineffective-assistance-of-counsel claim.  Respondents allege that on appeal in *Kopec II* from the denial of Mr. Kopec's Colo. R. Crim. P. 35(c) postconviction motion and amended motion, Mr. Kopec argued (1) that had his trial counsel conducted a "dillegent [sic] investigation," counsel would have discovered a basis to assert the affirmative defense of involuntary intoxication based upon Mr. Kopec's "undiagnosed medical conditions," *see* pre-answer response, ex. Q at 3-4, and (2) that counsel also should have investigated a "voluntary intoxication" defense that would have negated any intent to hit the officer in the mouth, thereby reducing the offense to a lesser class.  *Id.* at 5-7.  In addition, Mr. Kopec cited to *Strickland v. Washington*, 466 U.S. 688 (1984), and to other federal cases applying the *Strickland* standard.  The Colorado Court of Appeals rejected the ineffective-assistance-of-counsel claim on the merits.  *See* pre-answer response, ex. N, at 2-5. Therefore, Mr. Kopec's first asserted claim is exhausted.

The Court next will address Mr. Kopec's second claim, i.e., that the trial court erred in sentencing him under the habitual criminal statute, Colo. Rev. Stat. § 18-1.3-801 to -804, when the second-degree assault conviction mandated a sentence under Colorado's crime-of-violence statute, Colo. Rev. Stat. § 18-1.3-406, and that his sentence violates both the state and federal constitutions.

Mr. Kopec failed to present this claim as a federal constitutional claim in the state courts. In his fourth Colo. R. Crim. P. 35(a) motion, and on appeal in *Kopec III* from the denial of that motion, Mr. Kopec argued that the crime of second-degree assault on a peace officer carries the specific penalty described in Colo. Rev. Stat. § 18-1.3-406. *See* pre-answer response, ex. H at 3-7; ex. E at 2-6. His brief to the Colorado Court of Appeals observed that, instead of the sentence called for in Colo. Rev. Stat. § 18-1.3-406, he was sentenced under Colorado's habitual criminal statute, Colo. Rev. Stat. § 18-1.3-801 to -804. *See* pre-answer response, ex. E at 6. Mr. Kopec did not complain that his adjudication as an habitual criminal was improper or marred by error. His argument was that the sentence prescribed by the statute defining the crime of conviction trumped the sentence mandated by the habitual criminal sentencing law. *See id.*

Although Mr. Kopec alleges in his application that the trial court violated his federal constitutional rights by its error in sentencing him under the habitual criminal statute, he did not raise that argument before the Colorado Court of Appeals. Before the state appeals court, he argued only that the habitual criminal sentence violated the "seperation [sic] of Powers Principles under Art. III of the Colo. Constitution," *see id.*

6

Therefore, Mr. Kopec did not exhaust the claim asserted in the instant application. *See Castille*, 489 U.S. at 351.

In any case, to the extent Mr. Kopec's asserted claim requires the resolution of an apparent conflict between two state sentencing statutes, such conflicts are left exclusively to the states. In fact, the Colorado Court of Appeals in *Kopec III* resolved the conflict by citing to state law, i.e., *People v. Hoefer*, 961 P.2d 565, 569 (Colo. App. 1998), noting that the habitual criminal statute trumps the crime-of-violence sentence ordinarily applicable to Mr. Kopec's second-degree assault conviction. *See* pre-answer response, ex. D at 2. Federal courts do not sit to resolve state conflicts. *See Bradshaw v. Richey*, 546 U.S. 74, 75-76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted). Because a defendant has no federal constitutional right to be sentenced under one but not the other of two potentially applicable state sentencing laws, Mr. Kopec's second claim cannot assert a federal constitutional violation. Therefore, not only did Mr. Kopec fail to exhaust a federal constitutional claim regarding his sentence, the claim he raises here is not a cognizable habeas corpus claim. Accordingly, it is

ORDERED that the second amended habeas corpus application is denied in part. It is

FURTHER ORDERED that claim two is dismissed for failure to exhaust and for failure to assert a cognizable habeas corpus claim.  It is

FURTHER ORDERED that claim one and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __16__ day of _____ April _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-2655-BNB

Michael Gerard Kopec
Prisoner No. 58335
Arrowhead Correctional Center
Unit A
P.O. Box 300
Cañon City, CO 81215-0300

John D. Seidel
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


      I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _4/17/09_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk